WOLFE *v.* CITY ELECTION COMMISSION OF DETROIT.

This case is controlled by *Attorney General* v. *Bolton, ante,* 403.

Certiorari to Wayne; Codd, Chester, and Williams (Benjamin), JJ., presiding. Submitted October 8, 1918. (Calendar No. 28,514.) Decided July 17, 1919.

Mandamus by Louis H. Wolfe and another to compel the city election commission of the city of Detroit to place their names upon a primary ballot. From an order denying the writ, plaintiffs bring certiorari. Affirmed.

*Donnelly, Hally, Lyster & Munro,* for appellants.

*Allan H. Frazer,* Corporation Counsel, and *Vincent M. Brennan,* Assistant Corporation Counsel, for appellee.

*J. O. Murfin* and *A. W. Sempliner,* for intervener De Gaw.

BIRD, C. J. (*dissenting*). Plaintiffs, desiring to become candidates for the office of justices of the peace in the city of Detroit at the August (1918) primaries, filed their petition with the city clerk and paid the statutory fees. The defendant election commission refused to consider them, assigning as a reason therefor that no justices of the peace were to be elected at the November election. Thereupon plaintiffs sought to compel defendant to comply with their request by mandamus. The writ was refused by the circuit court for Wayne county, and plaintiffs have removed the proceedings to this court by writ of certiorari for review.

On June 25, 1918, the city of Detroit adopted a new charter, in which it was provided that:

"At the biennial spring election in 1919, there shall be elected four justices of the peace who shall hold office for four years from and after the 4th day of July, 1919, and until their successors are elected and qualified. At the biennial spring election in 1921, two justices of the peace shall be elected for four years to hold office from and after the 4th day of July, 1921, and thereafter there shall be elected alternately at each biennial spring election four justices of the peace and two justices of the peace who shall hold office for four years from and after the 4th day of July succeeding their election." Detroit Charter, tit. 5, chap. 1, § 4.

Prior to the adoption of the new charter, the time at which justices of the peace were elected was gov-

erned by section 2 of Act No. 475 of the Local Acts of 1903. This act provides that:

"At the general election held in November in the year 1904 and every two years thereafter, there shall be elected two justices of the peace, whose terms of office shall commence on the 4th day of July next succeeding their election, and who shall hold their office for a term of four years."

The question presented is, Which one of these sections controls? Defendant's counsel call attention to the constitutional provision which gives the legislature the right "To provide by law for justices in cities" (art. 7, § 15), and argue that the legislature being vested with this power, has by section 28 of the so-called home rule act delegated it to cities. Section 28 provides that:

"In all cities now organized, which may hereafter amend or revise their charters under the provisions of this act, all of the provisions of the present law, whether general or special, applying to any such city relating to the qualifications, term of office, powers, jurisdiction, duties and compensation of justices of the peace and constables therein, and the conduct of all proceedings, suits and prosecutions before such justices of the peace and appeals therefrom, and all laws creating municipal courts and the proceedings thereof in any such city, shall remain in full force and effect, except as to the time and manner of nomination and elections of judges, justices and court officers: *Provided,* That any city may in its charter provide for and limit to one or more the number of justices of the peace and may provide that the civil jurisdiction of such justice or justices shall be increased to five hundred dollars with such exceptions and restrictions as are provided by law; and may also in its charter, or by ordinance, provide that any justice of the peace shall be paid a salary in lieu of fees, the amount of said salary to be fixed by said charter or ordinance, in which case all fees chargeable by such justice of the peace shall be collected by him and shall

be forthwith paid into the city treasury." Act No. 279 of the Public Acts of 1909, as amended by Act No. 82 of the Public Acts of 1915 (1 Comp. Laws 1915, § 3331).

It is asserted that this delegation of power is justified by the constitutional provision authorizing the passage of the home rule act, which reads:

"Under such general laws, electors of each city and village shall have power and authority to frame, adopt and amend its charter, * * * and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State." Art. 8, § 21.

The plaintiffs, of course, concede that the Constitution confers upon the legislature the power to provide for justices of the peace in cities, but denies the right of the legislature to delegate the power to cities.

If the question presented involved nothing more than a mere determination of the date when justices of the peace in the city of Detroit should be elected, it would not be very important which way it was decided. The question, however, is one of power, and whether the State legislature or the local legislature of Detroit is to exercise it.

The Constitution has clothed the legislature with certain powers with reference to the judiciary of the State. Among them is the power to provide for justices in cities (art. 7, § 15). The language of this constitutional provision contains no express permission to the legislature to delegate this power, or any part of it, to cities, nor can such authority be inferred therefrom as an incident to any express power given to the legislature. Unless some authority can be found in the Constitution, either express or implied, authorizing the legislature to delegate the power, it was not within its right in attempting to confer this authority

upon cities in the home rule act.   Cooley's Constitutional Limitations (7th Ed.), p. 163.   It was there said in part that:

"One of the settled maxims in constitutional law is that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority.   Where the sovereign power of the State has located the authority, there it must remain; and by the constitutional agency alone the laws must be made until the Constitution itself is changed.   The power to whose judgment, wisdom and patriotism this high prerogative has been entrusted cannot relieve itself of the responsibility by choosing other agencies upon which the power shall be devolved."

See, also, *Bolt* v. *Riordan,* 73 Mich. 508.

Justices of the peace are constitutional officers and are a part of the judicial system of the State.   The fixing of their jurisdiction within constitutional limits; the determination of the number of justices which shall be elected in cities; the time when they shall be nominated and elected; and the date upon which their term shall begin, are matters of State and not local concern, and, therefore, should be determined by the legislature.   While the home rule provision of the Constitution, heretofore quoted, confers upon cities the right to "pass laws and ordinances relating to its *municipal* concerns" it does not authorize them to pass laws or ordinances relating to matters of *State* concern.   To hold in accordance with the contention of defendant, we would be obliged to say that the local legislature of a city could prescribe the time and manner of the nomination and election of a constitutional officer, who is part of the judiciary of the State.   This we cannot do.

Defendant's counsel cite the case of *Burton* v. *City of Detroit,* 190 Mich. 195, in support of defendant's

contention. That case involved the right. of the common council to add to the salary of the recorder, and not the power to fix his salary.

We are of the opinion that that part of section 28 of Act No. 82 of the Public Acts of 1915, which attempts to delegate this authority to cities is unconstitutional and, therefore, of no force.

The order of the trial court should be reversed, but it will be unnecessary to issue the writ as the exigency has passed. No costs will be allowed either party.

FELLOWS, J., concurred with BIRD, C. J.

BROOKE, J. We are of opinion that this case is controlled by the case of *Attorney General* v. *Bolton, ante,* 403. Affirmed.

OSTRANDER, MOORE, STEERE, STONE, and KUHN, JJ., concurred with BROOKE, J.